UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re

DAVID LORENZO VALDIVIA,
_____/

DAVID LORENZO VALDIVIA,

    Appellant,

v.

MARY A. HAUK,

    Appellee.
_____/

Case No. 15-13677

Honorable John Corbett O'Meara

## OPINION AND ORDER
## GRANTING RELIEF FROM BANKRUPTCY COURT'S OCTOBER 5, 2015 ORDER
## AND REMANDING THE MATTER TO THE BANKRUPTCY COURT

This matter came before the court on appellant David Lorenzo Valdivia's December 16, 2015 Appeal of the Bankruptcy Court's October 5, 2015 Opinion and Order Denying Defendant's Motion for Relief from Default Judgment, Denying Plaintiff's Request for Sanctions, and Cancelling Hearing. Appellee Mary A. Hauk filed a response January 14, 2016; and Appellant filed a reply brief January 28, 2016. No oral argument was heard.

### BACKGROUND FACTS

The issues in this appeal arise following a judgment of divorce between appellee Mary A. Hauk and appellant David Valdivia that was entered May 14, 2010. There was no child or spousal support awarded to either party, and no support has been awarded since. Subsequent to the entry of the divorce judgment, a state court receiver was appointed to liquidate Valdivia's available assets to satisfy property settlement provisions of the divorce owed to Hauk. By June 20, 2011, the receiver

had paid Hauk $122,473.99 and had paid Hauk's attorney $18,878.83 from Valdivia's liquidated property.

Hauk filed a Chapter 12 bankruptcy petition October 24, 2011, as a family-farmer reorganization case related to her ownership of a farmers' market. On February 10, 2012, upon motion by the receiver, an Order Quantifying Sums Owed, Approving Receiver's Fees and Costs, and Discharging the Receiver was entered in the divorce case. The Order indicated that the remaining amount owed by Valdivia to Hauk was $49,362.60. Valdivia then filed a Chapter 7 bankruptcy petition June 3, 2014.

Despite the fact that all debts owed to Hauk by Valdivia were non-dischargeable in his bankruptcy case under 11 U.S.C. §§ 523(a)(5) and (15), Hauk filed an adversary complaint against him. She asserted that the debts owed to her under the divorce judgment were non-dischargeable and also asserted that he owed her the following amounts: 1) $454,476.39 under the divorce judgment; 2) approximately $3,500 for attorney fees; 3) an additional $20,000 for reimbursement of costs; and 4) a total amount of $477,976.39.

An important provision of the divorce judgment is the "50/50 shared forgiveness of debt section." It provided, "In the event that either party is able to reduce or eliminate the liability for any of the debts above, whether by way of refinance, remortgage, or short sale, then any forgiveness or eradication of debt shall run to the benefit of both parties fifty/fifty (50-50)." This provision also applies to debt forgiveness gained through a bankruptcy discharge.

On October 5, 2015, the date the bankruptcy court entered the appealed order, the divorce court had declined to enter an order providing for a "negative value" of $422,286.00 as had been requested by Hauk. However, after the receiver's $133,473.99 payment to her, Hauk still filed a non-

dischargeability complaint against Valdivia in his bankruptcy proceedings in the amount of $477,976.39, an amount clearly in excess of any approved by the divorce court, as well as an amount that had not been reduced by the monies the receiver had already delivered to her.

Valdivia claims he did not respond to Hauk's adversary complaint against him in his bankruptcy proceedings because he and his attorney believed the divorce judgment was non-dischargeable. A default was entered against Valdivia August 26, 2014; and Hauk filed a motion for entry of a default judgment September 3, 2014. The proposed order attached to Hauk's motion increased the amount prayed for by an additional $1000.00. The bankruptcy court entered the Judgment of Non-Dischargeable Debt–within an hour of Hauk's filing of the motion–in the amount of $478,676.39. The Judgment provides for a $202,556.89 reduction in the amount if Hauk gets a discharge in her Chapter 12 Plan. However, Hauk failed to use the amended claim amounts owed for taxes in the calculation of damages. By any calculation, the amount asserted in Hauk's complaint and motion for entry of default judgment are not justified.

Although Valdivia claims he never received service of the summons or complaint in the adversary proceeding, he concedes had discussions with his bankruptcy attorney, who advised him that the amount owed under the divorce judgment was non-dischargeable. Valdivia, therefore, did not respond to Hauk's adversary complaint. A settlement of the dispute about the judgment of non-dischargeability was attempted but was unsuccessful.

Valdivia filed a motion to vacate/set aside the judgment August 31, 2015, within one year of the entry of the Judgment of Non-Dischargeability. Hauk filed a response September 10, 2015; and the bankruptcy court entered the Order Denying Defendant's Motion for Relief from Default

3

Judgment, Denying Plaintiff's Request for Sanctions, and Cancelling Hearing on October 5, 2015. Valdivia filed this appeal of that order October 19, 2015.

## STANDARD OF REVIEW

"The district court functions as an appellate court in reviewing decisions of the bankruptcy court, reviewing its legal conclusions *de novo* and employing the clearly erroneous standard in reviewing its findings of fact." In re Colortex Indus., 19 F.3d 1371, 1374 (11th Cir. 1994).

## LAW AND ANALYSIS

All debts arising out of a judgment of divorce are automatically non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(5) and (15). In this case, therefore, Hauk could not obtain any relief that she did not already have before filing the adversary complaint in Valdivia's bankruptcy case. In a similar case, this court has held that under these circumstances an ex-spouse lacks standing. See In re Mapley, 437 B.R. 225, 228 (Bankr. E.D. Mich. 2010).

> Where the plaintiff has no Article III standing to bring a case, jurisdiction is lacking and the court must dismiss it. To have Article III standing, a plaintiff must 'allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief.

In re Rosenfeld, 535 B.R. 186, 190-91 (Bankr. E.D. Mich. 2015) (citation omitted). In Rosenfeld the court "concluded that it [did] not have subject matter jurisdiction over [an ex-spouse] adversary because it [could] not award any meaningful relief to the Plaintiff." Id. at 191. "If Debtor is denied a discharge, any debt the Debtor owes to Plaintiff will not be discharged in Debtor's Chapter 7 bankruptcy case. But Plaintiff already has this relief, because . . . any debt the Debtor owes to Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(15), and thus will not be discharged in this Chapter 7 bankruptcy case." Id.

The issue of standing is a question of law. Reviewing the bankruptcy court's order *de novo*, this court finds the bankruptcy court erred by failing to acknowledge that it lacked standing over Hauk's adversary complaint. Accordingly, the October 5, 2015 order must be vacated.

## ORDER

It is hereby **ORDERED** that the October 5, 2015 order of the bankruptcy court is **VACATED**. This matter is **REMANDED** to the bankruptcy court for dismissal of Hauk's adversary complaint for lack of subject matter jurisdiction.

John Corbett O'Meara
United States District Judge

Dated: July 19, 2016